# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01426-REB-CBS

PAMA VENTURES, LLC, a Washington limited liability company,

    Plaintiff,

v.

BRIAN WELLENS,

    Defendant.

# ORDER DENYING MOTION IN LIMINE

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion In Limine To Preclude Evidence of Post-Contractual Transaction Pursuant to F.R.E. 401, 402, and 403** [#43][1] filed May 20, 2010. I deny the motion without prejudice.

This case concerns the plaintiff's claim for breach of contract / promissory note against the defendant. In its motion in limine, the plaintiff argues that the defendant, as part of his defense, may seek to introduce evidence of a transaction, the Cypress Transaction, that is separate from the contract / promissory note at issue in this case. The plaintiff argues that evidence of the Cypress Transaction is irrelevant, would confuse the jury, and would lengthen the trial unnecessarily. The plaintiff argues also that, to the extent evidence about the Cypress Transaction might have some relevance, such evidence should be excluded under Fed. R. Evid. 403 because any probative

---

[1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

value of such evidence is substantially outweighed by the dangers unfair prejudice, confusion of the issues, and misleading the jury, as well as the consideration of waste of time.

I conclude that the issues raised by the plaintiff in its motion in limine are evidence driven and cannot be resolved until evidence is presented at trial.[2] Of course, no trial evidence yet has been presented, and the evidentiary context of this case remains uncertain. The relevance of the evidence in question, and its potential to cause unfair prejudice or confusion, to mislead the jury, or to waste time, cannot be determined until the evidentiary landscape becomes clear at trial.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion In Limine To Preclude Evidence of Post-Contractual Transaction Pursuant to F.R.E. 401, 402, and 403** [#43] filed May 20, 2010, is **DENIED** without prejudice.

Dated May 24, 2010, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] I specifically discourage the filing of such motions in my Practice Standards. REB Civ. Practice Standard V.F.