# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01426-REB-CBS

PAMA VENTURES, LLC, a Washington limited liability company,

    Plaintiff,

v.

BRIAN WELLENS,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Plaintiff PAMA Ventures, LLC's Motion for Summary Judgment** [#23][1] filed December 7, 2009. The defendant filed a response [#26] and the plaintiff filed a reply [#29]. I grant the motion.[2]

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c);

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A movant who bears the burden of proof at trial must submit evidence to establish every essential element of its claim. ***See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation***, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been supported properly, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1518 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).

### III. FACTS

In late 2006 and early 2007, the plaintiff, PAMA Ventures, LLC, invested 965,000 dollars toward the construction of a residence in Cabo San Lucas, Mexico (the Property). In exchange for its investment, PAMA was to receive a fifty percent interest in Casa Brisas Holdings (Holdings), an entity that would be the equitable owner of the Property. In the summer of 2007, PAMA learned that full ownership of Holdings was about to be transferred to the defendant, Brian Wellens. In an effort to prevent the

2

transfer to Wellens, PAMA filed suit in Colorado state court, naming Wellens and others as defendants, and obtained a temporary restraining order preventing the transfer of Holdings to Wellens.  In October, 2007, PAMA settled its claims against Wellens.  Wellens agreed to pay PAMA 965,000 dollars on certain terms, and PAMA agreed to permit Wellens to cause title to the Property to be transferred to a trust, as required by Mexican law, with Holdings as the sole beneficiary.  Wellens executed a settlement agreement and a promissory note documenting the terms of his settlement with PAMA.  *Motion for summary judgment* [#23], Exhibits A & B to Exhibit 1 (Settlement Agreement, Note).  Wellens agreed to pay PAMA 965,000 dollars within one year of the effective date of the Settlement Agreement and note, or on the date of the sale of Wellens' interest in Holdings, whichever date was earlier.  The one year period expired October 31, 2008.  The note was to be secured by a pledge of Holding's beneficial interest in the Property, effectively creating a second priority security interest in the Property to secure the Note.

PAMA fulfilled all of its commitments under the Settlement Agreement. Wellens defaulted on the note because he did not pay the required amount to PAMA by October 31, 2008.  Wellens made one payment to PAMA in the amount of 9,650 dollars.  According to PAMA's complaint, in November, 2008, Wellens agreed to make a payment of 500,000 dollars on the Note, to make monthly interest payments on the remaining balance of 465,000 dollars, and to pay the full amount due on the note by October 31, 2009.  Wellens never made the payment of 500,000 dollars.

In the Spring of 2009, Wellens negotiated an agreement for the sale of Holdings to Cypress Capital Management (the Cypress Agreement).  Wellens negotiated this agreement with Jeffrey Tallman, a principal of Cypress.  On April 20, 2009, Wellens

3

transferred his interest in Holdings to Cypress (the Cypress Transaction). In exchange, Wellens received the equivalent of 1.25 million dollars, a separate lease agreement (Lease Agreement) that permitted Wellens to continue to occupy the Property, and an option to repurchase the property after a period of years for about 1.5 million dollars. The 1.25 million dollar sale price, and the 1.5 million dollar option price, both were substantially lower than the appraised value of the property. The Lease Agreement provided that Wellens would lose the option to repurchase the Property if he defaulted on the lease payments. To facilitate the Cypress Transaction, PAMA agreed not to insist on its contractual right to a second priority security interest in the Property. On June 6, 2009, Wellens knowingly defaulted on the lease payments, understanding that his default would cause him to lose the repurchase option on the Property.

When he agreed to the Cypress Transaction, Wellens knew that Cypress had found third-party investors to finance the transaction. Wellens did not seek to learn the identity of the third-party investors. Later, Wellens learned that two members of PAMA, Gary Carpenter and Rick Doane, participated in the Cypress transaction as third-party investors. Carpenter and Doane were acting as individuals and not as members of PAMA, when they acted as third-party investors in the Cypress Transaction. As participants in the Cypress Transaction, Carpenter and Doane are part of the investment group, Cypress Capital Management, that purchased Holdings in the Cypress Transaction.

PAMA alleges two claims for relief in its complaint [#1]. In its first claim, PAMA asserts a claim for breach of the promissory note. In its second claim, PAMA seeks a declaratory judgment declaring that the note, as amended, remains in full force and will become fully due and payable as of October 31, 2009. In its first claim, as stated in

4

PAMA's complaint, PAMA seeks judgment for 500,000 dollars. Its claim for this amount is based on the November, 2008, agreement to amend the note, in which Wellens agreed to make a payment of 500,000 dollars on the note. Wellens did not make the payment of 500,000 dollars. After the complaint was filed, the full balance of the note, 965,000 dollars, became due on October 31, 2009. In its motion for summary judgment and in the Final Pretrial Order [#42], PAMA claims that it is entitled to judgment for the full amount due under the note, 965,000 dollars, plus costs of collection, reasonable attorney fees, and interest. Given the tenor of both the motion for summary judgment and the Final Pretrial Order, I treat PAMA's first claim for relief as a claim for the full amount due and payable under the note, 965,000 dollars, plus costs of collection, reasonable attorney fees, and interest. In its motion for summary judgment, PAMA seeks summary judgment on its first claim. PAMA did not include its second claim, its declaratory judgment claim, in the Pretrial Order [#42]. Therefore, I conclude that PAMA has abandoned its claim for a declaratory judgment.

Wellens filed a third-party complaint [#18] asserting claims against certain third-party defendants. The third-party claims were dismissed without prejudice based on a stipulation [#38]. The only claim now pending is PAMA's first claim for breach of the promissory note.

## IV. ANALYSIS

Under Colorado law, a claim based on a promissory note is, in essence, a breach of contract claim. **Roberts v. Adams**, 47 P.3d 690, 694 (Colo.App. 2001). PAMA contends appropriately that its claim for payment on the note should be viewed as a breach of contract claim. A breach of contract claim requires proof of four elements: (1) the existence of a contract, here, the promissory Note; (2) performance

5

by the plaintiff; (3) failure to perform the contract by the defendant; and (4) damages suffered by the plaintiff as a result of the defendant's breach. ***Western Distributing Co. v. Diodosio***, 841 P.2d 1053, 1058 (Colo.1992).

In the present case, Wellens does not dispute: the existence and validity of the note; that PAMA has performed all of its obligations under the Note and the associated Settlement Agreement; that full payment is due under the note; and that Wellens has failed to make any payment on the note, except for one payment of 9,650 dollars. Viewing the undisputed facts in the record in the light most favorable to Wellens, the first three elements of PAMA's breach of promissory note claim have been established.

Wellens argues, however, that there remains disputed issues of material fact concerning whether PAMA suffered damages as a result of Wellens' failure to make payment on the note and, if PAMA suffered any damages, the amount of those damages.[3] Wellens argues that "there are disputed questions as to whether recovery by PAMA under the Note would result in an economic windfall that is disproportionate to any injury that PAMA has actually suffered. For that reason alone, the Court should not grant [PAMA's] Motion for Summary Judgment." *Wellens' response* [#26], p. 12. Wellens claims that, as a result of the Cypress Transaction, PAMA recovered the bulk of the amount due under the note. This is true, Wellens argues, because, as a result of the Cypress Transaction and subsequent events, Carpenter and Doane now have net equity in the property of about 891,000 dollars. *Id*., p. 7. Because Carpenter and Doane are among the members of PAMA, a limited liability corporation, Wellens argues

---

[3] Wellens asserts in his response [#26] that the court should delay ruling on the motion for summary judgment under FED. R. CIV. P. 56(f). He argues that he needs additional discovery to address the question of damages. The deadline for completion of discovery has passed and Wellens has not submitted additional evidence in support of his response to the motion for summary judgment. At this point, there is no basis under FED. R. CIV. P. 56(f) to delay further my ruling on PAMA's motion.

that PAMA should be seen as having recovered 891,000 dollars via the Cypress Transaction.  According to Wellens, these facts demonstrate both an economic windfall to PAMA and the existence of a disputed issue of material fact about the amount of damages suffered by PAMA as a result of Wellens' failure to pay the amount due under the Note.  I disagree.

It is undisputed that Carpenter and Doane are members of PAMA.  That fact, however, does not make Carpenter and Doane equivalent to PAMA.  PAMA includes other members in addition to Carpenter and Doane, and the obligation reflected in the Note runs to PAMA and not to its individual members.  *Motion for summary judgment* [#23], Exhibit 1, ¶ 18.  Wellens has not come forward with any evidence that demonstrates that Carpenter and Doane, as individuals, properly may be treated as the equivalent of PAMA for the purposes of analysis of PAMA's damages.

It is undisputed that principal in the amount of 965,000 dollars remains due on the note.  Wellens does not dispute that paragraph three of the note requires him to pay interest from October 31, 2008, at the rate of two percent monthly,.  Wellens does not dispute that he made only one payment on the note, a payment of 9,650 dollars.  Wellens does not dispute that the note requires him to pay costs of collection and reasonable attorney fees incurred by the plaintiff in collecting amounts due on the note.  Viewing the undisputed facts in the record in the light most favorable to Wellens, no reasonable fact finder could conclude that Wellens is not liable for the unpaid amounts due under the note or that the net effect of the Cypress Transaction reduced the amount of damages suffered by PAMA as a result of Wellens' failure to pay the amounts due under the note.  Thus, PAMA is entitled under FED. R. CIV. P. 56(c) to summary judgment on its claim for breach of promissory note.

Understandably, PAMA has not yet submitted documentation of its costs of collection and reasonable attorney fees incurred in collecting the amounts due on the note. As a result, I will grant PAMA's motion for summary judgment, but I will not direct the entry of judgment until PAMA has had a reasonable opportunity to file a motion seeking and circumstantiating its costs of collection and reasonable attorney fees. Further, I will require PAMA to provide the court with a calculation of interest due under the terms of the note. In turn, Wellens will have a reasonable opportunity to respond to PAMA's claims and calculations concerning costs of collection, reasonable attorney fees, and interest.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff PAMA Ventures, LLC's Motion for Summary** Judgment [#23] filed December 7, 2009, is **GRANTED**;

2. That on or before **July 9, 2010**, the plaintiff **MAY FILE** a motion[4] seeking and circumstantiating in the manner required by D.C.COLO.LCivR 54.3 an award of costs of collection, reasonable attorney fees, and interest under the terms of the note;

3. That any response and reply **SHALL BE MARSHALED** in the time and manner prescribed by D.C.COLO.LCivR 7.1C.; and

4. That the Trial Preparation Conference scheduled for **Friday, June 25, 2010**, at **2:00 p.m.**, and the trial scheduled to commence on **Monday, July 12, 2010**, are **VACATED**; and

5. That all other pending motions, including **Plaintiff's Motion To Strike From**

---

[4] Because PAMA's claim for attorney fees and costs of collection are elements of damages for breach of the promissory note, I conclude that FED. R. CIV. P. 54(d)(2) is inapposite.

8

**the Final Pretrial Order Certain Affirmative Defenses of Defendant Brian Wellens Pursuant To Fed. R. Civ. P. 8(c)** [#54] filed June 7, 2010, and **Defendant** (sic) **PAMA's Motion for Leave To File Reply Not Exceeding 15 Pages in Length** [#77] filed June 23, 2010, are **DENIED** as moot.

Dated June 24, 2010, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge