# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01426-REB-CBS

PAMA VENTURES, LLC, a Washington limited liability company,

    Plaintiff,

v.

BRIAN WELLENS,

    Defendant.

## ORDER CERTIFYING FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)

**Blackburn, J.**

    This matter is before me on the **Order** [#97][1] issued by the United States Court of Appeals for the Tenth Circuit on August 31, 2010. In response to that order and under FED. R. CIV. P. 54(b), I certify as a final judgment the **Judgment** [#90] entered by this court on July 26, 2010.

    In its **Order** [#97], the Tenth Circuit notes that the defendant, by stipulation, dismissed voluntarily and without prejudice the defendant's third-party claims. *Notice of Voluntary Dismissal of Third Party Claims Without Prejudice* [#37]; *Notice of Stipulation for Voluntary Dismissal of Third Party Claims* [#38]; *Amended Order of Dismissal Without Prejudice of Third-Party Claims* [#40], all filed May 11, 2010. Since those claims were dismissed, there has been no indication that the defendant will seek to re-assert his third-party claims.

---

[1] "[#97]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In my **Order Granting Plaintiff's Motion for Summary Judgment** [#81] filed June 24, 2010, I concluded that the plaintiff has abandoned its second claim for relief, a claim for declaratory judgment, because the plaintiff did not include that claim in the Pretrial Order [#42].  In short, the defendant's third-party claims and the plaintiff's second claim for relief all have been dismissed or abandoned, and there is no indication that any of these claims might be revived.

Meanwhile, the plaintiff's first claim for relief was resolved on the merits in my **Order Granting Plaintiff's Motion for Summary Judgment** [#81] filed June 24, 2010, and my **Order Approving Stipulation & for Entry of Judgment** [#87] filed July 23, 2010.  At the time those orders were entered, the plaintiff's first claim for relief was the only claim pending in this case.  The **Judgment** [#90] entered by the court on July 26, 2010, reflects accurately the terms of those two orders.

Under FED. R. CIV. P. 54(b), I may direct entry of final judgment as to one or more, but fewer than all, claims in a case if I determine that there is " no just reason for delay" in entering such a judgment.  After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see*, e.g., **Oklahoma Turnpike Auth. v. Bruner**, 259 F.3d 1236 (10th Cir. 2001); **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005), I conclude and determine expressly (1) that there is no just reason for delay and (2) that the judgment should be certified as a final judgment. *See id*. at 1265; **Curtiss-Wright Corp. v. General Elec. Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Here, there is no just reason to delay the entry of final judgment on the plaintiff's first claim for relief, the claim addressed and resolved on the merits in my **Order Granting Plaintiff's**

**Motion for Summary Judgment** [#81] filed June 24, 2010, and my **Order Approving Stipulation & for Entry of Judgment** [#87] filed July 23, 2010.   I conclude that it would be unjust to delay the entry of final judgment on this claim solely because the defendant's third-party claims were dismissed without prejudice and conceivably could be revived at some point.

      **THEREFORE, IT IS ORDERED** that under FED. R. CIV. P. 54(b), the **Judgment** [#90] entered by the court on July 26, 2010, is **CERTIFIED AS A FINAL JUDGMENT** on the plaintiff's first claim for relief, including the damages and interest specified in the court's **Judgment** [#90].

      Dated September 3, 2010, at Denver, Colorado.

                                      BY THE COURT:

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge